Boisvert v. Sears                    CV-96-495-M    07/22/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Jeanie T. Boisvert,
        Plaintiff

        v.                                    Civil No. 96-495-M

Sears, Roebuck & Co.,
        Defendant


**O R D E R**


Sears renews its motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) and asks that the jury's award of punitive damages be vacated.[1]  Sears argues that the evidence at trial did not support the jury's finding that it discriminated against Jeanie Boisvert on the basis of her gender when it failed to rehire her in August of 1993.  In addition, Sears contends that the evidence did not support a finding of malice or reckless indifference to Boisvert's federally protected rights, necessary to support an award of punitive damages.  For the reasons that follow, Sears's motion is denied.

Judgment as a matter of law is appropriate only if "'the evidence, viewed from the perspective most favorable to the nonmovant, is so one-sided that the movant is plainly entitled to judgment, for reasonable minds could not differ as to the outcome.'" Criado v. IBM Corp., — F.3d — , 1998 WL 282836 *8 (1st

_____

    [1]  Sears also moved for a hearing, which was held on June 29, 1998.

Cir. 1998) (quoting <u>Gibson v. City of Cranston</u>, 37 F.3d 731, 735 (1st Cir. 1994)). In making a Rule 50(b) determination, the court "cannot evaluate 'the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of evidence.'" <u>Id.</u>

Nevertheless, Sears seemingly argues that because its own version of the trial evidence so undermines Boisvert's gender discrimination case, it is necessarily entitled to judgment as a matter of law. Sears points to various evidence it deems insufficient to show gender bias in the hiring decision.[2] But, while particular evidence, taken in isolation, might not be enough to carry Boisvert's burden, the evidence as a whole, taken in the light most favorable to her, was sufficient.

When there is no "smoking gun" evidence of intentional gender discrimination, plaintiff may nevertheless still carry her burden of proving intentional discrimination, through a "permissive inference" based upon the <u>McDonnell-Douglas/Burdine</u> analysis of discriminatory intent. <u>See</u> <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502 (1993). The <u>McDonnell/Douglas</u> analysis involves three interdependent steps: (1) plaintiff begins by making a prima facie case of discrimination that creates a presumption of discrimination if properly proved; (2) in response, her employer presents evidence of its legitimate and

_____

[2] At the hearing, for example, Sears argued that the jury could not find that Sears discriminated against Boisvert on the basis of her gender because a woman, Cheryl Luzzi, was hired as a customer service consultant after reorganization. The circumstances surrounding Luzzi's hiring (and very brief employment), however, would easily permit a jury to draw inferences consistent with discriminatory intent based on gender.

2

nondiscriminatory reasons for the challenged employment decision, and (3) if her employer successfully demonstrates nondiscriminatory reasons for the action, the presumption of discrimination drops from the case and the burden remains with plaintiff to prove discriminatory animus by a preponderance. See Hodgens v. General Dynamics Corp., — F.3d — , 1998 WL 248013 (1st Cir. 1998).

At the first step, to make out a prima facie case of discrimination, Boisvert had to show that: (1) she was a member of a protected class, (2) she was qualified for the job, (3) she was not hired, (4) Sears continued to try to fill the job with men with qualifications similar to Boisvert's. See, e.g., Lehman v. Prudential Ins. Co., 74 F.3d 323, 327 (1st Cir. 1996). The evidence at trial amply supported Boisvert's prima facie case. As a woman she is a member of a protected class. Her many years of successful experience working in Sear's automotive department, in a position quite similar to the available customer service consultant positions, and her numerous favorable job reviews, show that she was highly qualified for the position for which she applied in August 1993. After rejecting Boisvert's application, Sears continued to advertise for applicants for those jobs, and hired men who were certainly no more (and arguably less) qualified than she. Thus, Boisvert established a strong prima facie case of discrimination.

At trial, David Emond, manager of the Manchester Sears automotive department, said that he did not rehire Boisvert

3

because she was a "poor performer" when she worked at Sears, and because he was complying with a policy not to rehire anyone who had been laid off in the earlier reorganization out of fear of an adverse impact on departmental morale. In fact, however, another person, a man, who had been laid off during the reorganization was rehired while Emond was manager. Other evidence at trial showed that Emond had previously told the New Hampshire Commission for Human Rights that "a Sears policy" prohibited offering Boisvert a job in the reorganization — an explanation that turned out not to be true. Other witnesses established that Boisvert's job performance had in fact been excellent, and far from the "poor performer" Emond described. Thus, a jury could easily have found that Sears's expressed reasons for not hiring Boisvert were entirely pretextual.

Although a plaintiff makes a strong prima facie case of discrimination and shows that the employer's given reasons for not hiring her are pretextual, plaintiff must still prove that the employer's adverse decision was based on gender discrimination. See St. Mary's Honor Ctr., 509 U.S. at 511. One way plaintiff may show discriminatory intent is through a permissive inference based on the combination of a strong prima facie case and the employer's failure to tell the truth about the reasons underlying the employment decision:

> "The factfinder's disbelief of the reasons put forward
> by the defendant (particularly if disbelief is
> accompanied by a suspicion of mendacity [i.e. lying])
> may, together with the elements of the prima facie
> case, suffice to show intentional discrimination.
> Thus, rejection of the defendant's proffered reasons

4

> will permit [but not require] the trier of fact to infer the ultimate fact of intentional discrimination, and, . . . upon such rejection, no additional proof of discrimination is required."

DeNovellis v. Shalala, 124 F.3d 298, 308 (1st Cir. 1997) (quoting St. Mary's Honor Ctr., 509 U.S. at 511). In that case, if the evidence is sufficient for the jury to believe plaintiff's prima facie case and to believe that the employer is lying about its reasons for the adverse action, the jury may, but is not required to, find intentional discrimination. See St. Mary's Honor Ctr., 509 U.S. at 511.

There was sufficient evidence in this case for the jury to find through a permissive inference that Emond, and therefore Sears, did not rehire Boisvert to work in the "male-oriented" automotive department because she is a woman.

Despite Sears's arguments to the contrary, in this Circuit the law is clear that discriminatory intent sufficient to support plaintiff's Title VII claim is also sufficient to support a permissive award of punitive damages: "'This circuit has held that under federal law the evidence of intent that is necessary to support a punitive damages award 'is the same [evidence of] "intent" that is required for a finding of discrimination in the first place.'" Criado at *8 (quoting Dichner v. Liberty Travel, 141 F.3d 24, 33-34 (1st Cir. 1998). That a different standard may apply to punitive damages awards under Massachusetts law, see McMillan v. Massachusetts Soc., Prevention of Cruelty to Animals, 140 F.3d 288, 306 (1st Cir. 1998), does not affect the analysis under Title VII under this circuit's precedent. Thus, while a

5

jury is not <u>obligated</u> to award punitive damages after finding intentional discrimination in a Title VII case, the jury is legally entitled to make such an award, as the jury did here, based on its own assessment of the need for such an award in light of the instructions given it.  There is no basis for vacating the punitive damages award as a matter of law.


## Conclusion

For the foregoing reasons, defendant's motion for judgment as a matter of law (document no. 81) is denied.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

July 22, 1998

cc:   Heather M. Burns, Esq.
      Byry D. Kennedy, Esq.
      Joan Ackerstein, Esq.

6